POLEN, Judge.
The former husband, Lewis H. Silveira, appeals a final judgment of dissolution of marriage, which followed various attempts of the parties to settle the terms of a proposed marital settlement agreement drafted in June, 1991, and an agreed-upon arbitration in November, 1991. The parties proceeded to final hearing before the trial court on February 25, 1992, and March 12, 1992. The former wife contested the interpretation of the June 20, 1991 agreement, as modified by the arbitration award. She disagreed with the husband’s position on the agreement’s provisions for sale of the parties’ Florida and Massachusetts real properties, and when a 7% per year adjustment factor on the alimony payments, which depended on the sales *205 prices of the houses, might come into play. The former husband had filed a Motion to Confirm Arbitration Award and to Compel Execution of Marital Settlement Agreement, Payment of Wife of Expenses, and for Final Judgment of Dissolution of Marriage. The trial court agreed with the former wife’s position, modified the arbitration award accordingly, and entered final judgment based on marital settlement agreement as modified. We reverse.
Between the drafting of the June 20, 1991 proposed settlement agreement and the November, 1991 arbitration, it is apparent the parties were continuing their efforts to reach a final agreement. Several drafts were prepared, including one in October, 1991. Although the former wife declined to sign the October draft, she did not raise the specific objections regarding the property sales/7% alimony adjustment at that time, nor at the agreed-upon arbitration proceeding on November 13, 1991. We therefore hold that on the facts of this ease, the former wife waived the right to re-litigate these issues before the trial court, having decided after the arbitration award was issued that she was unhappy with the result. Because she agreed to arbitration, in lieu of the earlier-attempted but aborted mediation, the former wife is es-topped from asserting a different position before the trial court.
We therefore reverse the Final Judgment of Dissolution of Marriage, and remand for entry of a new Final Judgment based on the October, 1991 draft of the Marital Settlement Agreement, as modified by the November 25, 1991 arbitration award.
Finding no merit in the issue raised by the former wife on her cross:appeal, we affirm.
FARMER, J., concurs.
GUNTHER, J., dissents without opinion.